**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIMBERLY CHEWNING,**

**Plaintiff,**

**v.** **Case No: 6:15-cv-821-Orl-28GJK**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendant.**

---

# ORDER

On June 25, 2014, two motor vehicles entered an intersection in Daytona Beach, Florida, and collided with one another. (Am. Compl., Doc. 21, at 2). At the time, Plaintiff Kimberly Chewning, one of the drivers, had uninsured motorist coverage through a policy ("the Policy") issued in Ohio by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Id. at 3). The other driver was uninsured. (Id. at 2). As a result of the collision, Ms. Chewning was injured. (Id.). Alleging that the other driver was negligent, Ms. Chewning demanded that State Farm pay her benefits she was due under the terms of the Policy. (Id. at 3). Because State Farm failed to meet her demands, Ms. Chewning sued.

In her Amended Complaint, Ms. Chewning attempts to state four claims in separate counts under headings: Uninsured Motorist Benefits (Count I), Bad Faith (Count II), Breach of Contract (Count III), and Punitive Damages (Count IV). (Id. at 2–7). In response, State Farm filed its Motion to Dismiss Counts II, III, and IV (Doc. 23) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion must be granted in part and denied in part.

## I. Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).[1] Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## II. Analysis

### A. Count II

In Count II, Ms. Chewning asserts a first-party bad faith claim under Ohio common law,[2] alleging that State Farm did not attempt to settle her claim in good faith and engaged in unfair claims settlement practices. (Am. Compl. at 4–6). In its motion to dismiss, State

---

[1] In the "Standard of Review" section of its motion, State Farm asserts that a complaint should not be dismissed on a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Mot. to Dismiss at 5—6). However, this "no set of facts" language is from a standard that was expressly disapproved by the Supreme Court in Twombly. See 550 U.S. at 562–63 (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).

[2] Count II alleges that Ms. Chewning "filed a Civil Remedy Notice of Insurer Violations . . . with the Florida Department of Insurance," (Am. Compl. ¶ 17), but the count later plainly alleges that "State Farm's actions constitute bad faith pursuant to the common law tort set forth in" two Ohio cases, (id. ¶ 23).

Farm argues that Florida law, not Ohio law, governs this claim. In response, Ms. Chewning maintains that under Florida's choice-of-law rules, Ohio law applies to her bad faith claim. As set forth below, Ohio law governs this claim, and Ms. Chewning has sufficiently alleged a first-party bad faith claim under Ohio law.

"[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). This court sits in Florida, where "[c]ontract choice-of-law principles apply to bad faith actions." Higgins v. West Bend Mut. Ins. Co., 85 So. 3d 1156, 1158 (Fla. 5th DCA 2012).

Under Florida's contract choice-of-law principles, the doctrine of *lex loci contractus*—the law of the state in which the contract was made—applies to "[q]uestions bearing on the interpretation, validity, and obligation of contracts," while "questions related to the manner or method of performance under a contract are determined by the law of the place of performance." Id. In Higgins, the Fifth District Court of Appeal expressly held that *lex loci contractus* applies to first-party bad faith claims because such claims "present[] an issue more akin to coverage"—"a substantive question, rather than a performance-based one." Id. at 1159. Accordingly, the law of the state in which the contract was formed—in this case, Ohio—applies to Plaintiff's first-party bad faith claim in Count II. [3]

[3] The parties appear to be in agreement that Ohio law applies to Count I of the Amended Complaint, which asserts a claim for uninsured motorist benefits, and State Farm does not seek to dismiss that count. (See Am. Compl. ¶ 13 (referring to Ohio law in Count I); Doc. 23 at 3 n.1; Doc. 23 at 7). Although neither party relies on it, the Policy contains a choice-of-law provision that states: "Without regard to choice of law rules, the law of the state of: . . . Ohio will control . . . in the event of any disagreement as to the interpretation and application of any provision in this policy." (Doc. 21-1 at 37–38). It is not clear to the Court why State Farm asserts in its motion that "there is no choice of law provision within the insurance policy," (see Doc. 23 at 7).

State Farm's assertion that Florida law, rather than Ohio law, applies here is contrary to Higgins and Florida's choice-of-law principles. Starting with the notion that in Ohio a bad faith claim sounds in tort, State Farm then asserts that tort claims "are decided according to the law of the forum state." (Doc. 23 at 9 (internal quotation and citation omitted)). However, Ohio's characterization of the claim as a tort is not determinative in the choice-of-law analysis. Instead, what matters is how the forum state characterizes the claim and what choice-of-law principles the forum state applies to that type of claim. See Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007) (noting that when faced with a choice-of-law question, a court must first "characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc." and then must "determine[] the choice of law rule that the forum state applies to that particular type of issue"); see also Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co., 358 F.3d 1306, 1309 (11th Cir. 2004) ("[T]he court's application of [Florida's] choice of law rules entails that it is concerned solely with [Florida's] characterization of the claim. Whether [Ohio] bases an analogous cause of action in tort, contract, or statutory law is irrelevant." (internal quotation and citation omitted)). Regardless of how Ohio characterizes a bad faith claim, under Florida's choice-of-law rules Ohio law governs Count II.

State Farm also argues that Plaintiff fails to sufficiently plead her bad faith claim, but this contention is rejected. In order to succeed on a bad faith claim under Ohio law, a Plaintiff ultimately must show that the insurer's "refusal to pay the claim [wa]s not predicated upon circumstances that furnish[ed] reasonable justification therefor." Zoppo v. Homestead Ins. Co., 644 N.E.2d 397, 400 (Ohio 1994) (internal quotation and citation omitted). Simply refusing to pay an insurance claim does not itself establish bad faith.

Little v. UNUMProvident Corp., 196 F. Supp. 2d 659, 666 (S.D. Ohio 2002). Rather, the test is "'whether the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial.'" Id. (quoting Thomas v. Allstate Ins. Co., 974 F.2d 706, 711 (6th Cir.1992)).

The Amended Complaint sufficiently alleges that State Farm denied Plaintiff's claim for uninsured motorist benefits in bad faith. Specifically, Plaintiff alleges that she was owed uninsured motorist benefits from State Farm as the result of an automobile collision and that it denied the claim without conducting "a reasonable investigation based on the available information, even disregarding Plaintiff's repeated offers to assist [State Farm] in its investigation." (Am. Compl. at 5). Additionally, Paragraph 19 of the Complaint contains specific allegations that, taken as true, further support the plausibility of Plaintiff's bad faith claim. (Id.at 4—5). State Farm's motion fails on this ground, and Count II will not be dismissed.

**B. Counts III and IV**

Lengthy discussion is not required as to the viability of Counts III and IV. State Farm argues that Count III—breach of contract—is merely a restatement of Count I, in which Ms. Chewning seeks to recover uninsured motorist benefits. In her response to State Farm's motion, Ms. Chewning does not attempt to justify these seemingly duplicative claims, and I cannot discern the difference in the claims or in the remedies sought. The motion to dismiss therefore must be granted as to Count III. And, Count IV does not state a cause of action but only a demand for punitive damages. See Antoine v. State Farm Mut. Auto. Ins. Co., 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009). Counts III and IV must be dismissed.

## III. Conclusion

For the reasons set forth above it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint (Doc. 23) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** insofar as it seeks dismissal of Counts III and IV. It is **DENIED** to the extent it seeks dismissal of Count II.

2. Counts III and IV of the Amended Complaint (Doc. 21) are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to replead her breach of contract claim or to add a request for punitive damages to any of her properly pleaded claims, she may file a second amended complaint **on or before Friday, January 15, 2016.**

**DONE** and **ORDERED** in Orlando, Florida, on December 28th, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties